# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JUANN FRANCISCO MENDOZA-MIRON,<br><br>　　　　　　　　　　　Defendant. | Case No. 19-cr-02049-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 28)** |

　　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Part A of these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).  Based on these amendments, Defendant Juann Francisco Mendoza-Miron now files a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) and General Order 755 (ECF No. 28).

It is true that, when calculating Defendant's criminal history category, 2 points were added because Defendant committed the instant offense while under a criminal justice sentence.  Defendant had more than 7 criminal history points, so, under the new guidelines, only 1 point should have been added.  Thus, Defendant's criminal history category, under the new guidelines, would be V instead of VI.

However, in sentencing Defendant, the Court determined a variance was appropriate and sentenced Defendant outside and below his calculated guideline range because of his age and physical condition.  Even under the newly calculated guideline range, the Court's sentence of 60 months is below the guideline range.  Given Defendant's criminal record, the Court does not believe an additional variance is appropriate even taking into consideration the newly calculated guideline range.

Hence, Defendant's motion to correct his sentence (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 13, 2024**

Hon. Cynthia Bashant
United States District Judge